# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

David Finstad,

        Plaintiff,

vs.

Nu-Way-K&H Cooperative f/k/a Nu-Way Cooperative.,

        Defendants.

Case No. _____

**Complaint**

**Jury Trial Demanded**

Comes now Plaintiff David Finstad, and for his Complaint, herein states and alleges:

## PARTIES

1. Plaintiff David Finstad is an individual who resides in Martin County, Minnesota.

2. Defendant Nu-Way-K&H Cooperative (hereinafter "Nu-Way") is an Iowa-based Cooperative with its principal place of business in Clear Lake, Iowa.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between a citizen of Minnesota and an Iowa business and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## GENERAL ALLEGATIONS

4. On or about October 4, 2016, Plaintiff David Finstad, owner and operator of Finstad Trucking, was hauling fertilizer between Nu-Way Cooperative in Welcome, Minnesota and surrounding fields for application by Defendant Nu-Way's TerraGators.

5. Upon arrival at the field assigned by Nu-Way, Plaintiff used the exterior controls of his semi-tractor to position the auger and load the Nu-Way TerraGator with fertilizer.

6. When the TerraGator was full, Plaintiff reactivated the exterior controls to return the auger to its' stowed position.

7. As Plaintiff was operating the external controls, Dan Murphy negligently operated the TerraGator and struck Plaintiff in the back of the head with the TerraGator boom.

8. Dan Murphy was operating the TerraGator in the course and scope of his employment for Defendant Nu-Way.

9. Dan Murphy had a duty to utilize due care and keep proper lookout while operating the TerraGator on October 4, 2016.

10. Dan Murphy breached the duty by failing to exercise due care and keep proper lookout while operating the TerraGator.

11. Dan Murphy's failure to exercise due care and keep proper lookout caused the subject incident in which Plaintiff sustained serious injuries, as well as past and future pain, suffering and mental anguish.

12. Defendant Nu-Way is vicariously liable for the actions of Dan Murphy performed within the course and scope of his employment with Nu-Way.

13. Defendant Nu-Way is vicariously liable for Plaintiff's injuries caused by Dan Murphy's negligence.

WHEREFORE, Plaintiff David Finstad prays for judgment against the Defendant as follows:

1. In an amount greater than Seventy-Five Thousand and no/100 ($75,000.00) Dollars on behalf of Plaintiff; and

2. Any other relief that this Court deems appropriate.

**I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.**

Dated: May 3, 2019
/s/ Jed Chronic
George (Jed) Chronic   #0388688
MASCHKA, RIEDY, RIES & FRENTZ
151 Saint Andrews Ct., Building 1010
Mankato, MN  56001
Telephone:  (507) 625-6600
jchronic@mrr-law.com
*Attorneys for Plaintiff*